IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| KHBAIR A. TISDALE, | ) | CASE NO. 4:08 CV 2756 |
| | ) | |
| Petitioner, | ) | JUDGE JOHN R. ADAMS |
| | ) | |
| v. | ) | MAGISTRATE JUDGE |
| | ) | WILLIAM H. BAUGHMAN, JR. |
| MICHELLE EBERLIN, *Warden*, | ) | |
| | ) | **REPORT & RECOMMENDATION** |
| Respondent. | ) | |

## Introduction

Before me by referral[1] is the *pro se* petition of Khbair Tisdale for a writ of habeas corpus under 28 U.S.C. § 2254.[2]  Tisdale is currently incarcerated at the Belmont Correctional Institution, where he is serving a four-year sentence for possession of drugs imposed by the Columbiana Common Pleas Court after he was found guilty at a jury trial in 2006.[3]

Tisdale asserts two grounds for relief, contending that he received ineffective assistance of appellate counsel[4] and that he was denied his substantive right to speedy trial, as provided for under Ohio Revised Code § 2941.401.[5]  In response to the ineffective

---

[1] *See*, non-document order of January 27, 2009.

[2] ECF # 1 at 1.

[3] *Id.*

[4] *Id.* at 4.

[5] *Id.* at 5.

assistance ground, the State asserts that Tisdale's counsel was not ineffective because the claim Tisdale now asserts should have been raised on appeal is without merit.[6]  In response to the speedy trial ground, the State argues that it is a non-cognizable claim[7] and, in the alternative, procedurally defaulted or waived.[8]

As more fully developed below, I recommend finding that the State's positions are well-taken and that the petition should be dismissed in part and denied in part.

## Statement of the Facts and of the Case

**A.     Underlying facts and the state trial**

The following facts come from the decision[9] of the Ohio appellate court.[10] Essentially, Tisdale, on or about July 4, 2005, knowingly obtained, possessed, or used crack cocaine, a Schedule II controlled substance.[11]  Tisdale was arrested on a warrant for another criminal case, and during that arrest the crack cocaine was found on his person.[12]

---

[6] ECF # 7 at 13.

[7] *Id.* at 4.

[8] *Id.* at 5.

[9] Facts found by the state appellate court on its review of the record are presumed correct.  *Brumley v. Wingard*, 269 F.3d 629, 637 (6th Cir. 2001).

[10] ECF # 7, Attachment 7 at 38.

[11] *Id.*

[12] *Id.*

The grand jury returned a secret indictment on September 30, 2005, charging Tisdale with possession of drugs.[13]  Tisdale originally entered a plea of not guilty.[14]  After Tisdale moved to suppress evidence, which was denied,[15] he changed his plea to no contest.[16]  Prior to entering the no contest plea, Tisdale made an oral motion to dismiss the case for speedy trial violations.  That motion was denied.[17]  Tisdale was sentenced to four years on May 8, 2006, to be served consecutively with the sentence in his previous case.[18]

**B.**      **The direct appeal**

Tisdale thereupon filed a timely appeal of his conviction,[19] raising one assignment of error:  Tisdale's speedy trial rights were violated.[20]

Under this assignment of error, Tisdale argued that he was arrested because of a warrant issued in connection with another crime.[21]  The grand jury then returned a secret

---

[13] *Id.* at 1.

[14] *Id.* at 33.

[15] *Id.*

[16] *Id.*

[17] ECF # 7 at 2.

[18] *Id.*, Attachment (state court record) at 33.  All components of the state court record are assembled as a single attachment and then consecutively paginated or Bates-stamped in accordance with my show cause order.  ECF # 5.

[19] ECF # 7 at 3.

[20] *Id.*

[21] *Id.*, Attachment at 26.

indictment for drug possession because of the drugs found on his person at the time of his arrest.[22]  Tisdale argued that, because of an Ohio statute, each day he spent in jail should count as three days toward computing the time permitted under Ohio law for commencement of trial.  This would mean the state had only 90 days after he was incarcerated to bring him to trial.[23]  He argues that it took 164 days; therefore, his right to a speedy trial under Ohio law was violated.[24]

On December 11, 2007, the court of appeals affirmed the conviction.[25]  The court found that the triple count provision of Ohio's statute does not apply to Tisdale; therefore, the common pleas court was within the 270 days provided by the statute to try Tisdale.[26]

Tisdale did not appeal this judgment to the Ohio Supreme Court.[27]

**C.      Ohio Appellate Rule 26(B) motion to reopen**

Tisdale then filed a *pro se* motion to reopen his direct appeal under Ohio Appellate Rule 26(B).[28]  In the motion Tisdale maintained that his appellate counsel should have argued that his speedy trial rights were violated under a different statute, Ohio Revised Code

---

[22] *Id.*

[23] *Id.*

[24] *Id.* at 27.

[25] *Id.* at 38.

[26] *Id.* at 40.

[27] ECF # 7 at 3.

[28] *Id.*, Attachment at 49.

§ 2941.401, instead of the statute actually argued, Ohio Revised Code § 2945.71.[29]  Tisdale claimed the state had a duty to inform him of his rights under Ohio Revised Code § 2941.401,[30] which would have required the court to bring him to trial within 180 days. Tisdale urged that, since that did not happen, he should be released.[31]

The appeals court decided that the evidence Tisdale relied upon was not in the court record; therefore, his appellate counsel could not have made an argument on the issue since Ohio holds that appellate arguments are confined to facts on the record.[32]  Thus, Tisdale's motion was denied.[33]

Tisdale timely filed a *pro se* petition to the Ohio Supreme Court, citing two propositions of law:[34]

> Proposition of Law 1:  Appellate counsel delivers ineffective assistance where said argues an inconsequential speedy trial authority, thereby denying client a fair decision on the merits.[35]
>
> Proposition of Law 2:  A criminal defendant is denied his statutory right to a speedy trial, under R.C. § 2941.401, where:  he is not brought to trial within

---

[29] *Id.*

[30] *Id.*

[31] *Id.* at 50.

[32] *Id.* at 51.

[33] *Id.*

[34] ECF # 7 at 3.

[35] *Id.*

180-day period; State fails to discharge its statutory duty able to extinguish right; and no continuance is made pursuant to the statute.[36]

The Ohio Supreme Court dismissed the appeal as not involving any substantial constitutional question.[37]

**D.     Petition for writ of habeas corpus**

Tisdale timely filed a *pro se* petition for habeas corpus[38] raising two grounds for relief:

Ground One:  Petitioner received ineffective assistance of appellate counsel when counsel argued an inconsequential speedy trial authority, thereby denying a fair decision on the merits.[39]

Ground Two:   Petitioner was denied his substantive right to speedy disposition, as it arised [sic] under O.R.C. 2941.401, where:  he was not brought to trial within 180-day limitations; state failed to discharge statutory duty able to extinguish claim; and no continuances were made pursuant to statutory mandates.[40]

The State responded to ground one by arguing that the appellate court correctly ruled the ineffective assistance of appellate counsel claim is completely without merit.[41]  Because the court record would not support the claim that Tisdale argues should have been raised, Tisdale's appellate counsel could not be expected to raise the claim on appeal.[42]  The State

---

[36] *Id.* at 3-4.

[37] *Id.*, Attachment 2 at 82.

[38] ECF # 1 at 1.

[39] *Id.* at 4.

[40] *Id.* at 5.

[41] ECF # 7 at 13.

[42] *Id.*

-6-

countered ground two by maintaining that it is a non-cognizable claim since it is based solely on a violation of Ohio law.[43]  The federal habeas court cannot review a claim based solely on state law.[44]  The State further asserts that ground two is also procedurally defaulted because that claim was not fairly presented in the state courts.[45]

In his traverse, Tisdale asserts that the trial counsel set the stage for the speedy trial argument under § 2941.401, and his appellate counsel should have been able to pick up on it.[46]

## Analysis

### A.    Standards of review

#### 1.    *Ineffective assistance of appellate counsel*

Under the well-known rubric of *Strickland v. Washington*,[47] a habeas petitioner establishes constitutionally ineffective assistance of counsel by showing that counsel's performance was deficient and that this deficient performance prejudiced the petitioner by rendering the proceeding unfair and the result unreliable.[48] Although *Strickland* was

---

[43] *Id.*

[44] *Id.*

[45] *Id.* at 8.

[46] ECF # 8 at 1.

[47] *Strickland v. Washington*, 466 U.S. 668 (1984).

[48] *Id*. at 687.

adjudicated in the context of claimed ineffective assistance of trial counsel, a comparable test applies to claims of ineffective assistance of appellate counsel.[49]  In either instance, both prongs of the *Strickland* test must be met in order for the writ to be granted; thus, courts need not address the issue of deficiency in representation if the claim may be denied for failure to establish prejudice.[50]

In reviewing counsel's performance, the court presumes that counsel rendered adequate assistance.[51]  The reviewing court is not to engage in hindsight but should evaluate counsel's performance within the context of the circumstances existing at the time of the alleged errors.[52]  The key is not whether counsel's choices were strategically correct but whether they were reasonable.[53]  To that end, counsel has a duty to conduct a reasonable investigation into possible alternatives, but, having done so, will be presumed to have made a reasonable decision in choosing among the alternatives.[54]

In the circumstance of an appeal, an appellate attorney need not raise every conceivable issue on appeal to provide effective representation.[55]  Effective appellate

---

[49] *Bowen v. Foltz*, 763 F.2d 191, 194 (6th Cir. 1985).

[50] *Strickland*, 466 U.S. at 697.

[51] *Id.* at 690.

[52] *Id.*

[53] *Roe v. Flores-Ortega*, 528 U.S. 470, 481 (2000).

[54] *Strickland*, 466 U.S. at 691.

[55] *Jones v. Barnes*, 463 U.S. 745, 752 (1983).

-8-

advocacy often requires that the attorney select only the most promising issues for review.[56] In particular, there can be no ineffective assistance on appeal in failing to raise a non-meritorious argument.[57]

With respect to the prejudice prong, the petitioner must show that there is a reasonable probability that, but for counsel's alleged errors, the result of the proceeding would have been different.[58] A reasonable probability is a probability sufficient to undermine confidence in the outcome.[59]

## 2.     *Non-cognizable state law claim*

State prisoners are entitled to federal habeas corpus relief only when they are in custody because of violations of the Constitution, laws, or treaties of the United States.[60] As the Sixth Circuit has noted, to be eligible for habeas relief, a petitioner must show that he was deprived of some right guaranteed by the United States Constitution.[61] Therefore, claims for habeas relief based solely on alleged violations of state law are non-cognizable in a federal habeas case.[62] As the Supreme Court has stated, "it is not the province of a federal habeas

---

[56] *Id.*

[57] *Strickland*, 466 U.S. at 698.

[58] *Id.* at 694.

[59] *Id.*

[60] 28 U.S.C. § 2254(a).

[61] *See*, *Bell v. Arn*, 536 F.2d 123, 125 (6th Cir. 1976).

[62] *Lewis v. Jeffers*, 497 U.S. 764, 780 (1990).

-9-

court to re-examine state-court determinations on state-law questions."[63]  Rulings by the state's highest court on purely state law matters are binding on federal courts.[64]

### 3.    Waiver and fair presentment

Ordinarily, a petitioner must first exhaust his available state remedies by seeking federal habeas relief after fairly presenting his claims to the highest court of the state in which he was convicted.[65]  However, if a federal habeas claim was not first fairly presented to the state court as a federal constitutional violation, and there are now no state remedies available to the petitioner to assert such a claim, the claim must be considered exhausted, since no state remedies remain, but will be deemed procedurally defaulted or waived by the federal court.[66]  As such, a waived claim can only be considered on habeas review upon a showing of cause and prejudice to excuse the waiver, or a showing of actual innocence.[67]

To establish "cause" in this context, a petitioner must show that some objective factor, something external to him that cannot fairly be attributed to him, precluded him from fairly presenting his claim while state remedies were available.[68]  If cause is to be attributed to ineffective assistance of counsel, that claim of ineffective assistance itself must have been

---

[63] *Estelle v. McGuire*, 502 U.S. 62, 68 (1991); *see also*, *Bey v. Bagley*, 500 F.3d 514, 519 (6th Cir. 2007), *cert. den. sub nom. Bey v. Mitchell*, __ U.S. __, 128 S. Ct. 1704 (2008).

[64] *Wainwright v. Goode*, 464 U.S. 78, 84 (1983).

[65] *O'Sullivan v. Boerckel*, 526 U.S. 838, 842 (1999).

[66] *See*, *Deitz v. Money*, 391 F.3d 804, 808 (6th Cir. 2004) (citation omitted).

[67] *Id.*

[68] *Coleman v. Thompson*, 501 U.S. 722, 753 (1991).

-10-

first presented to and exhausted in state court.[69] Demonstrating "prejudice" requires showing that the complained-of constitutional error worked to the petitioner's actual and substantial disadvantage, infecting his entire trial with error of constitutional dimension.[70] There can be no prejudice, however, where the petitioner cannot show a reasonable probability of a different result at trial.[71] Actual innocence requires new, reliable evidence not available at trial that makes it more likely than not that no reasonable juror would have found the petitioner guilty beyond a reasonable doubt.[72] Actual innocence should be understood to mean "factual innocence, not mere legal insufficiency."[73]

To determine if the petitioner fairly presented his claims to the state courts as a federal constitutional matter, the Sixth Circuit teaches that the habeas court should consider the following factors: (1) whether the petitioner relied on federal cases employing constitutional analysis; (2) whether the petitioner relied on state cases using federal constitutional analysis; (3) whether the petitioner phrased the claim in terms of federal constitutional analysis or in terms sufficiently particular to allege a violation of a specific constitutional right; or (4) whether the claim alleged facts within the mainstream of constitutional law.[74]

---

[69] *Edwards v. Carpenter*, 529 U.S. 446, 451-52 (2000).

[70] *United States v. Frady*, 456 U.S. 152, 170 (1982).

[71] *Mason v. Mitchell*, 320 F.3d 604, 629 (6th Cir. 2003).

[72] *Schlup v. Delo*, 513 U.S. 298, 327 (1995).

[73] *Bousely v. United States*, 523 U.S. 614, 623 (1998).

[74] *McMeans v. Brigano*, 228 F.3d 674, 681 (6th Cir. 2000).

In this regard, general allegations of the denial of a fair trial or due process, of themselves, do not fairly present a claim of a violation of a specific federal constitutional right.[75]  Similarly, fair presentment of a federal constitutional claim does not occur simply because a similar state law claim was made.[76]  Essentially, to fairly present a federal constitutional claim to the state courts, the petitioner must advance the same claim under the same theory to the state court that is then presented to the federal court.[77]

**B.**     **Application of standards to Tisdale's petition**

*a.*     *Ground one – alleging ineffective assistance of appellate counsel – should be denied since the state appeals court, which denied this claim, did so in a decision that was not an unreasonable application of clearly established federal law*

As discussed above, the claim presented to the Ohio courts concerning speedy trial rights was initially premised on the assertion that, under the Ohio statute, each day he spent in prison prior to trial should have been counted as three days, thus rendering his trial untimely.  The appeals court on direct appeal found, as a matter of Ohio law, that the so-called triple count provision was not applicable to Tisdale.  In his *pro se* application to re-open the appeal, Tisdale raised the argument, now asserted here, that his initial appellate attorney was ineffective for not resting the speedy trial argument on a different Ohio statute.

I observe initially that unlike ground two, which makes a speedy trial claim exclusively as a matter of  Ohio law, ground one asserts a federal constitutional claim of

---

[75] *Id.*

[76] *Anderson v. Harless*, 459 U.S. 4, 6 (1982).

[77] *Pillette v. Foltz*, 824 F.2d 494, 496 (6th Cir. 1987).

ineffective assistance of counsel.  The fact that the underlying error relates to a state law issue is of no consequence since counsel may be ineffective in the federal sense by failing to raise a state law issue when failure to do so prejudiced the petitioner.[78]

However, in this case the appeals court considering the Rule 26(B) application found that Tisdale's ineffective assistance argument was premised on facts not found in the appellate record.  Specifically, Tisdale claimed that under Ohio Revised Code § 2941.401 – the section he then claimed his original appellate attorney should have used – Ohio's 180-day speedy trial right attaches to a person indicted while in prison when that  person is informed of the indictment, provides written notice of the place of imprisonment and then requests a final disposition of the matter of the indictment.  The appeals court noted that "[t]he problem with Tisdale's argument is that ... [t]he record [on appeal] does not reflect whether Tisdale was informed of his rights under the statute or that he made a written notice of the place of his imprisonment and a request for a final disposition to be made of the matter ...."[79]  Since, as the court further noted, these facts that would be necessary to argue a violation of § 401 were not in the record, and since Ohio appeals courts are limited to the record before them, Tisdale' appellate counsel cannot have been ineffective for not raising an argument that could not have been heard.[80]

---

[78] *See*, *Rideau v. Russell*, No. 08-3466, 2009 WL 2586439, at *2 (6th Cir. Aug. 24, 2009).

[79] ECF # 7, Attachment (state record) at 50 (Ohio appeals court decision).

[80] *Id*. at 50-51.

Although the state appeals court decision did not expressly reference *Strickland*, it did correctly identify the controlling principle from *Strickland* noted above that there can be no ineffective assistance in failing to raise a non-meritorious argument. Here, raising an argument that could not be entertained by the state appeals court because it was based on facts outside the record, which were beyond the scope of appellate review is, by definition, a non-meritorious argument that cannot form the basis for ineffective assistance of counsel.

Accordingly, I recommend that ground one be denied in that the state court decision denying the claim was not an unreasonable application of *Strickland*.

**b.      Ground two should be dismissed as a non-cognizable state law claim or, alternatively, dismissed as not fairly presented to Ohio courts as a federal constitutional claim.**

Ground two, alleging that Tisdale was denied his right to speedy trial under Ohio Revised Code § 2941.401, should be dismissed as non-cognizable in a federal habeas court proceeding. Tisdale has consistently argued from the beginning that his Ohio statutory speedy trial right was violated, although, as noted, he has framed his argument differently while using different portions of the Ohio law. As such, he has argued in the Ohio courts a purely state law claim, and such a claim should here be dismissed as non-cognizable.

In his original appeal, Tisdale's appellate attorney argued that his speedy trial rights were violated under Ohio Revised Code § 2945.71.[81] The appellate court found this assignment of error without merit and affirmed the trial court's decision.[82] Tisdale then

---

[81] ECF # 7, Attachment 2 at 26.

[82] *Id.* at 39.

-14-

attempted to reopen his appeal through an appellate Rule 26(B) motion.  In this motion, Tisdale first argued that his speedy trial right was violated under a different portion of the Ohio law, Ohio Revised Code § 2941.401.[83]  This motion was denied by the appellate court because no basis existed in the trial court record to support it; therefore, the appellate attorney could not be expected to raise it on appeal.[84]  Tisdale then attempted to make the argument to the Ohio Supreme Court, which dismissed his appeal as not involving any substantial constitutional question.[85]

Alternatively to dismissing the claim as non-cognizable, a review of Tisdale's formulations of this claim during his state appeal and post-conviction proceedings discloses that he never complied with any of the means by which this claim could have been understood by the Ohio courts as stating a federal claim.  Rather, the theory under which this claim was uniformly presented to the state courts was that of an alleged violation of state statute.  As such, I alternatively recommend that this claim is also liable to dismissal as waived, never having been fairly presented in the state courts as a federal constitutional claim.

---

[83] *Id.* at 44.

[84] *Id.* at 51.

[85] *Id.* at 82.

**Conclusion**

For the foregoing reasons, I recommend that the *pro se* petition of Khbair Tisdale for

a writ of habeas corpus be dismissed in part and denied in part.

Dated:   December 8, 2009                           s/ William H. Baughman, Jr.
                                                              United States Magistrate Judge


**Objections**

Any objections to this Report and Recommendation must be filed with the Clerk of
Courts within fourteen (14) days of receipt of this notice.  Failure to file objections within
the specified time waives the right to appeal the District Court's order.[86]

---

[86] *See*, *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981).  *See also*, *Thomas v.
Arn*, 474 U.S. 140 (1985), *reh'g denied*, 474 U.S. 1111 (1986).